UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIANA M. ROSADO, Individually and on behalf of all other persons similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>THE FRENCH PARADOX INC. d/b/a OCabanon, ARMEL JOLY and ALEXANDRE MUR, Jointly and Severally,<br><br>    Defendants. | ECF CASE<br><br>No.: _____<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

1. Plaintiff Diana M. Rosado worked as a server for Defendant The French Paradox Inc., d/b/a OCabanon, Armel Joly and Alexandre Mur (collectively, "Defendants") at their French restaurant from September 2016 to December 11, 2019.

2. Plaintiff Rosado alleges on her behalf and other similarly situated current and former employees of Defendants, pursuant to Fed. R. Civ. P. 23 (a) and (b), that Defendants willfully violated the New York Labor Law by (i) failing to pay the minimum wage, (ii) failing to pay overtime premium pay, (iii) failing to pay spread-of-hours pay, (iv) failing to provide the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1, (v) failing to provide an accurate wage statement under N.Y. Lab. Law § 195.3 with every wage payment. and (vi) unlawfully retaining gratuities.

3. Plaintiff Rosado alleges on her behalf and other similarly situated current and former employees of Defendants and those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that Defendants willfully violated the FLSA by (i) failing to pay overtime premium pay and (ii) unlawfully

-1-

retaining gratuities.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff Rosado's state law claims under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff Rosado's FLSA claims under 29 U.S.C. § 216(b).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(1) and (2).

6. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7. Plaintiff Rosado was, at all relevant times, an adult individual residing in Union City, New Jersey.

8. Upon information and belief, Defendant OCabanon is a domestic business corporation that is organized under New York law and is authorized to do business in the State of New York.

9. Upon information and belief, Defendants employ more than 11 employees.

10. Defendant OCabanon is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. Defendant OCabanon is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000. These goods and materials that have been produced for and moved in

commerce, which its employees have handled, include, but are not limited to, food, glassware, computers and beverages.

11. Defendant Armel Joly, upon information and belief, owns, operates and controls Defendant OCabanon's day-to-day operations and management and jointly employed Plaintiff Rosado and other similarly situated employees at all relevant times.

12. Defendant Alexandre Mur, upon information and belief, operates and controls Defendant OCabanon's day-to-day operations and management and jointly employed Plaintiff Rosado and other similarly situated employees at all relevant times.

13. Each Defendant, either directly or indirectly, has hired Plaintiff Rosado and other employees, fired other employees, controlled Plaintiff Rosado's work schedule and employment conditions, determined their payment rate and method, and kept at least some records regarding their employment.

## STATEMENT OF FACTS

14. Defendants operate and manage a French restaurant at 245 W. 29th Street, New York, New York.

Duties Performed and Hours Worked[1]

15. Defendants employed Plaintiff Rosado as a server from September 2016 to December 11, 2019, when she voluntarily terminated her employment.[2]

16. As a server, Plaintiff Rosado was responsible for bringing food and beverages to the customers and making beverages. Defendants, in addition, required her to spend approximately 30 minutes a day performing side work, such as polishing silverware and folding napkins.

---

[1] These subject lines are included only for organizational purposes.
[2] The date ranges are estimates based on Plaintiff Rosado's memory.

-3-

17. Generally, Defendants had their staff work in two shifts: the lunch shift, which started at 10:30 or 11:00 a.m. and ended at 4:30 p.m.; and the dinner shift, which started at 4:00 p.m. and ended at 12:00 a.m.

18. Defendants generally did not afford 30-minute uninterrupted breaks to their staff.

19. Until mid-2017, Plaintiff Rosado normally worked at least 27.5 to 30 hours per week: she worked the lunch shift on Monday to Friday; her hours were from 10:30 or 11:00 a.m. to 4:30 p.m.; and she did not have an uninterrupted 30-minute meal break.

20. Between mid-2017 and December 2019, Plaintiff Rosado normally worked at least 30 to 32 hours: working the lunch shift from Tuesday to Friday from 10:30 or 11:00 a.m. to 4:30 p.m., and then the dinner shift on Saturday from 4:00 p.m. to 12:00 a.m.; and she did not have an uninterrupted 30-minute meal break.

21. During her employment at least once a month, Plaintiff Rosado also worked lunch and dinner shifts on the same day, working from 10:30 or 11:00 a.m. to 4:30 p.m., with a 30 to 45 minute break, and then from 5:00 or 5:15 p.m. to 9:00 or 10:00 p.m., resulting in 9 to 11-hour shifts. When she worked double shifts, she worked between 31 hours and 37 hours per week.

22. Defendants' restaurant is located close to Madison Square Garden and when big concerts were held at the venue, the restaurant would get busy during the dinner shift. As such, Defendants often requested Plaintiff Rosado to pick up extra dinner shifts, on days she was already scheduled to work or on another day of the week. On those days, if Plaintiff was scheduled to work a lunch shift, beginning at 10:30 or 11:00 a.m., she

would work until 8:00 or 9:00 p.m., with a 30-minute break, resulting in her working between 33 and 41.5 hours per week. Plaintiff worked these hours once or twice a month.

23. Additionally, approximately fives times a year, during one of the big concerts or events, Defendants requested Plaintiff Rosado to work a sixth day and to pick up an extra dinner shift from 4:00 p.m. to 12:00 a.m., resulting in her working between 35.5 and 45 hours a week.

24. During her employment with Defendants, on special events or holidays, such as Valentine's Day, Plaintiff Rosado's dinner shift ended as late as 1:00 a.m. or 2:00 a.m. Additionally, on New Year's eve, Defendants required her and other staff to come in at 2:00 p.m. to decorate the restaurant, before the beginning of their dinner shift and work until as late as 4:00 a.m., resulting in Plaintiff Rosado working 14-hour days, and over 40 hours a week.

25. When Plaintiff Rosado worked double shifts (i.e. lunch and dinner), six days a week or during a special event day, she would sometimes work more than 40 hours those weeks and often more than 10 hours those days.

26. From reviewing the schedule, speaking with them and personal observations, Plaintiff Rosado knows that other waiters worked similar hours as her.

Compensation

27. The following chart shows the minimum wage under the Fair Labor Standards Act and New York Labor Law for the relevant years for employers with more than 11 employees:

|  | 2014 | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 |
|---|---|---|---|---|---|---|---|
| FLSA | $7.25 | $7.25 | $7.25 | $7.25 | $7.25 | $7.25 | $7.25 |
| Labor Law | $8.00 | $8.75 | $9.00 | $11.00 | $13.00 | $15.00 | $15.00 |

28. Defendants did not pay Plaintiff Rosado the minimum wage under the New York Labor Law.

29. Defendants availed themselves of a tip credit and paid Plaintiff Rosado below the statutory minimum wage.

30. Defendants paid Plaintiff Rosado the following hourly rates: $7.50 in 2016 and 2017, with Defendants taking a $3.50 tip credit against the minimum wage; $8.65 in 2018 with Defendants taking a $4.35 tip credit against the minimum wage; and $10.00 in 2019 with Defendants taking a $5.00 tip credit.

31. When she worked more than 10 hours in a day, Defendants did not pay her an extra hour at the minimum wage. This is often called "spread-of-hours pay."

32. When she worked more than 40 hours in a week, Defendants usually paid her at her regular rate of pay, but did not pay her overtime premium pay for the hours worked over 40 in any given week.

33. Plaintiff Rosado has heard other waiters complain that Defendants did not pay them overtime at the appropriate rate of pay.

34. Plaintiff Rosado has heard the kitchen staff complain that Defendants did not pay them overtime at the appropriate rate of pay.

35. Upon information and belief, Plaintiff Rosado's paystubs did not correctly reflect all of the hours that she worked. Namely, she sometimes worked over 40 hours in a given week, but her paystubs did not reflect any hours over 40. As such, Defendants failed to pay her for all hours worked and to provide her an accurate wage statement.

36. Plaintiff Rosado heard members of Defendants' staff, such as waiters, bartenders and kitchen staff, complain that their paystubs did not accurately reflect all the

hours they worked and that they needed to speak to the owners in order to get paid for all their hours.

Tip Pool

37. Plaintiff Rosado regularly received cash and credit card tips from the restaurant customers.

38. When working the lunch and dinner shifts, Plaintiff Rosado often worked with one, or sometimes both, of the owners, Defendants Armel Joly and Alexandre Mur.

39. The owners, Defendant Armel Joly and Alexandre Mur, with whom she usually worked in the earlier shift, have the authority to and did in fact hire and fire employees, set their pay and determine their hours worked.

40. No matter which owner worked with Defendant Rosado during the shift, the credit card tips would be split and attributed to Defendant Armel Joly.

41. During the lunch shift, the owner who was working that day spent a part of his time working as a waiter, but the rest of his time he was managing the restaurant and staff.

42. For the lunch shift, Plaintiff Rosado split her cash and credit card tips 50:50 with the owner.

43. Upon information and belief, Defendants used the tips they took from Plaintiff Rosado to pay for the restaurant's overhead and other expenses, such as electricity.

44. When working the dinner shift, she worked with up to 4 other waiters.

45. For both shifts, Plaintiff Rosado pooled her tips with all of the waiters she was working with.

46.     For the dinner shift, Defendants unlawfully included a captain in the tip pool.

47.     Defendants' "captains" had managerial duties and handled inventory (ordering and purchasing the necessary supplies), made the weekly schedule, had the authority to and did, in fact, send people home if the restaurant was slow or for performance reasons, and could and did hire employees.

48.     After one year working for Defendants, Plaintiff Rosado complained about the unlawful tip pool but Defendants did not change their tip pool policy.

49.     Defendants maintain tip sheets and tip books that show the total amount of tips per shift and detailing who got paid what amount.

Labor Law Notice and Wage Statement Violations

50.     Defendants did not provide Plaintiff Rosado or the other servers the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1 when they were hired or at any point in their employment.

51.     From speaking with them, Plaintiff Rosado knows that other waiters were, like her, paid below the statutory minimum wage, were not paid overtime, shared tips with one of the restaurant's owners or the captain, were not given the required Labor Law notices, and were not paid spread-of-hours pay.

52.     Upon information and belief, Defendants did not provide Plaintiff Rosado or the other waitstaff with an accurate wage statement under N.Y. Lab. Law § 195.3 with every wage payment.

53. Defendants did not post at the restaurant up to date poster advising Plaintiff Rosado and other employees of their right to a minimum wage and overtime premium pay.

## CLASS ACTION ALLEGATIONS

54. Plaintiff Rosado asserts these allegations and claims on her own and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

> All persons whom Defendants employ and have employed who were servers and other comparable tipped positions at any time since September 15, 2014 to the entry of judgment in this case (the "Class Period"), who were non-exempt employees under the New York Labor Law (the "Class Members").

55. The Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within Defendants' sole control, upon information and belief, more than 50 Class Members exist.

56. Plaintiff Rosado's claims are typical of the Class Members', and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

57. Defendants have acted or refused to act on grounds generally applicable to the Class Members, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Members.

58. Plaintiff Rosado is committed to pursuing this action and has retained competent counsel experienced in employment law, wage and hour law, and class action

litigation.

59. Plaintiff Rosado has the same interest in this matter as all other Class Members and her claims are typical of Class Members'.

60. Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including but not limited to:

    a. Whether Defendants employed Plaintiff Rosado and the Class Members within the meaning of the Labor Law;

    b. What proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    c. Whether Defendants failed or refused to pay the Class Members overtime premium pay for all hours worked in excess of 40 hours per workweek;

    d. Whether Defendants failed or refused to pay the Class Members spread-of-hours pay for days when they worked in excess of 10 hours;

    e. Whether Defendants gave Plaintiff Rosado and the Class Members proper notice of the "tip credit" as 12 N.Y.C.R.R. §§ 146-1.3 and 2.2 requires;

    f. Whether Defendants can avail themselves of a tip credit and pay Plaintiff Rosado and the Class Members less than the statutory minimum wage;

    g. Whether Defendants withheld tips or gratuities under the Labor Law, violating N.Y. Lab. Law § 196-d;

    h. Whether Defendants failed to provide Plaintiff Rosado and the Class Members Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1;

  i. Whether Defendants failed to provide Plaintiff Rosado and the Class Members wages statements under Labor Law § 195.3;

  j. Whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided under the Labor Law in any area where Plaintiff Rosado and the Class Members are employed;

  k. Whether Defendants are liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

  l. Whether Defendants should be enjoined from such violations of the Labor Law in the future.

## COLLECTIVE ACTION ALLEGATIONS

61. Under 29 U.S.C. § 206, Plaintiff Rosado seeks to assert these allegations and claims as a collective action:

> All persons whom Defendants employ and have employed who were servers and other comparable tipped positions with different titles at any time since September 15, 2017 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees under the FLSA (the "Collective Action Members").

62. Plaintiff Rosado and the Collective Action Members are similarly situated on several legal and factual issues, including:

  a. Defendants employed the Collective Action Members within the meaning of the FLSA;

  b. Collective Action Members performed similar duties;

  c. Defendants willfully or recklessly violated the FLSA;

  d. Whether Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of 40 hours per workweek, violating the FLSA and the regulations promulgated thereunder;

  e. Defendants improperly withheld tips or gratuities from Plaintiff Rosado and the Collective Action Members, violating 29 U.S.C. § 203(m);

  f. Defendants should be enjoined from such violations of the FLSA in the future; and

  g. The statute of limitations should be estopped or equitably tolled due to Defendants' statutory violations.

FIRST CAUSE OF ACTION
FAILURE TO PAY OVERTIME PREMIUM PAY UNDER THE FLSA
(On Behalf of Plaintiff Rosado and the Class Members)

63. Plaintiff Rosado realleges every preceding allegation as if set forth fully herein.

64. Defendants were required to pay Plaintiff Rosado and the Collective Members no less than one and 1.5 times the regular rate at which they were paid for all hours worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

65. At all relevant times, Defendants had a policy and practice of not paying overtime at the applicable overtime rate to their employees for their hours worked in excess of 40 hours per workweek.

66. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, making their violations willful or reckless.

67. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff Rosado and the Collective Members' compensation.

68. Upon information and belief, Defendants also shaved off at least some of the overtime hours from Plaintiff Rosado and Class Members' paystubs, failing to pay them *any* wages for those overtime hours.

69. Defendants have failed to make, keep and preserve records with respect to their employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1) and 215(a).

70. In failing to compensate Plaintiff Rosado and the Collective Members for all compensable hours worked, Defendants violated the FLSA and the regulations thereunder, including 29 C.F.R. §§ 785.13, 785.11.

SECOND CAUSE OF ACTION
FAILURE TO PAY THE MINIMUM WAGE
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Rosado and the Class Members)

71. Plaintiff Rosado realleges every preceding allegation as if set forth fully herein.

72. Defendants are "employers" under N.Y. Lab. Law §§ 190, 196-d, 651(5), 652 and supporting New York State Department of Labor Regulations and employed Plaintiff Rosado and the Class Members.

73. The wage payment provisions of Article 6 of the Labor Law and supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff Rosado and the Class Members.

74. Under the Labor Law and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff Rosado and the Class

Members the statutory minimum wage.

75. Upon information and belief, Defendants failed to post, in a conspicuous place upon their premises a notice issued by the New York State Department of Labor summarizing minimum wage provisions, violating the Labor Law and supporting New York State Department of Labor Regulations. 12 N.Y.C.R.R. §§ 137-2.3, *et seq.*

76. Defendants paid Plaintiff Rosado and the Class Members below the statutory minimum wage.

77. Defendants were not eligible to take a tipped credit and pay Plaintiff Rosado and the Class Action Members below the statutory minimum wage under 12 N.Y.C.R.R. §§ 137-2.1, 2.2 and 12 N.Y.C.R.R. §§ 146-2.2, 2.9 because Defendants retained a portion of Plaintiff Rosado and the Class Action Members' tips.

78. Defendants are accordingly liable to Plaintiff Rosado and the Class Action Members for the difference between the hourly rate at which they paid them and the statutory minimum wage.

79. Defendants willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff Rosado and the Class Members the minimum wage.

80. Due to Defendants' Labor Law violations, Plaintiff Rosado and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

THIRD CAUSE OF ACTION
FAILURE TO PAY THE OVERTIME PAY
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Rosado and the Class Members)

81. Plaintiff Rosado realleges every preceding allegation as if set forth fully herein.

82. Defendants are employers under N.Y. Lab. Law §§ 190, 196-d, 651(5), 652 and supporting New York State Department of Labor Regulations and employed Plaintiff Rosado and the Class Members.

83. Under the Labor Law and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff Rosado and the Class Members 1.5 times their regular rate of pay for all hours they worked in excess of 40.

84. Defendants failed to pay Plaintiff Rosado and the Class Members the overtime wages to which they were entitled, violating N.Y. Lab. Law § 650 and Part 142, § 142-2.2 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act.

85. Under the Labor Law, when paying tipped employees for hours they worked over 40 in a week, an employer is required to multiply the regular rate of pay by 1.5 and then subtract the tip credit.

86. Because Defendants are not permitted to claim a tip credit, they were required to pay Plaintiff Rosado and the Class Members at an overtime at a rate of the statutory minimum wage x 1.5.

87. Defendants willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff Rosado and the Class Members the correct amount of overtime wages.

88. Due to Defendants' Labor Law violations, Plaintiff Rosado and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest. N.Y. Lab. Law § 663.

## FOURTH CAUSE OF ACTION
### FAILURE TO PAY SPREAD-OF-HOURS PAY UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Rosado and the Class Members)

89. Plaintiff Rosado realleges every preceding allegation as if set forth fully herein.

90. Defendants willfully failed to pay Plaintiff Rosado and the Class Members one additional hour's pay at the basic minimum wage rate before allowances for each day that their spread of hours exceeded ten hours, violating Part 146 § 146-1.6 of Title 12 of the Official Compilation of Codes, Rules and Regulations.

91. By their failure to pay Plaintiff Rosado and the Class Members spread-of-hours pay, Defendants have willfully violated the N.Y. Lab. Law Article 19, §§ 650, *et seq.* and the supporting New York State Department of Labor Regulations.

92. Due to Defendants' Labor Law violations, Plaintiff Rosado and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours pay, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## FIFRTH CAUSE OF ACTION
### UNLAWFULLY RETAINED GRATUITIES UNDER THE FLSA
(On Behalf of Plaintiff Rosado and the Collective Action Members)

93. Plaintiff Rosado realleges every preceding allegation as if set forth fully herein.

94. Defendants willfully violated 29 U.S.C. § 203(m)(2)(B) by unlawfully retaining a portion of the gratuities that should be remitted to the Collective Action Members.

95. Due to Defendants' violations of the FLSA, Plaintiff Rosado and the

Collective Action Members are entitled to recover from Defendants their unlawfully retained gratuities, statutory liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

### SIXTH CAUSE OF ACTION
### UNLAWFULLY RETAINED GRATUITIES
### UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Rosado and the Class Members)

96. Plaintiff Rosado realleges every preceding allegation as if set forth fully herein.

97. Defendants willfully violated the N.Y. Lab. Law § 196-d by unlawfully retaining a portion of the gratuities that should be remitted to the Class Members.

98. Due to Defendants' violations of the Labor Law, Plaintiff Rosado and the Class Members are entitled to recover from Defendants their unlawfully retained gratuities, statutory liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

### SEVEN CAUSE OF ACTION
### FAILURE TO PROVIDE 195.1 NOTICE
### UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Rosado and the Class Members)

99. Plaintiff Rosado realleges every preceding allegation as if set forth fully herein.

100. Defendants willfully failed to supply Plaintiff Rosado and the Class Members with the required Notice and Acknowledgement of Pay Rate and Payday under N.Y. Lab. Law § 195.1(a) within 10 business days of their first employment date.

101. Due to Defendants' violations of N.Y. Lab. Law § 195.1 through February 26, 2015, Plaintiff Rosado and the Class Members are entitled to recover from

Defendants $50.00 for each work week that the violations occurred or continue to occur or a total of $2,500.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab. Law § 198(1)-b (2014).

102.   Due to Defendants' violations of N.Y. Lab. Law § 195.1 on or after February 27, 2015, Plaintiff Rosado and the Class Members are entitled to recover from Defendants $50.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab. Law § 198(1)-b (2016).

EIGHTH CAUSE OF ACTION
FAILURE TO PROVIDE 195.3 WAGE STATEMENT
UNDER THE NEW YORK LABOR LAW
(On Behalf of Plaintiff Rosado and the Class Members)

103.   Plaintiff Rosado realleges every preceding allegation as if set forth fully herein.

104.   Defendants have willfully failed to supply Plaintiff Rosado and the Class Members with the required accurate wage statements with every payment of wages, violating Labor Law § 195.3.

105.   Due to Defendants' violations of Labor Law § 195.3, Plaintiff Rosado and the Class Members are entitled to recover from Defendants $100.00 for each work week that the violations occurred or continue to occur, or a total of $5,000.00, as provided for by Labor Law § 198(1)-d, reasonable attorneys' fees, costs, injunctive and declaratory relief.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rosado, on her behalf and the Class and Collective Action Members, respectfully requests this Court grant the following relief:

      a.      Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Class Members and appointing Plaintiff Rosado and her counsel to represent the Class Members;

      b.      Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in collective action, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiff Rosado and her counsel to represent the Collective Action Members and tolling of the statute of limitations;

      c.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Labor Law;

      d.      An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

      e.      An award for unpaid overtime premium pay under the Labor Law and the FLSA;

      f.      An award for unpaid spread-of-hours pay under the Labor Law;

      g.      An award for unlawfully retained gratuities under the Labor Law and the FLSA;

      h.      An award for failing to provide the N.Y. Lab. Law § 195.1 Notice;

    i. An award for failing to provide the N.Y. Lab. Law § 195.3 Wage Statements;

    j. An award of liquidated damages as a result of Defendants' Labor Law violations;

    k. An award of liquidated damages as a result of Defendants' willful FLSA violations;

    l. Equitably tolling the statute of limitations under the FLSA;

    m. An award of pre-judgment and post-judgment interest;

    n. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    o. Such other and further relief as this Court deems just and proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Rosado demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
   September 22, 2020

        LIPSKY LOWE LLP

        s/ Douglas B. Lipsky
        Douglas B. Lipsky
        Milana Dostanitch
        420 Lexington Avenue, Suite 1830
        New York, New York 10017-6705
        212.392.4772
        doug@lipskylowe.com
        milana@lipskylowe.com