

Douglas B. Lipsky

420 Lexington Avenue, Suite 1830
New York, New York 10170
Main:  212.392.4772
Direct:  212.444.1024
Fax:  212.444.1030
doug@lipskylowe.com

www.lipskylowe.com

April 26, 2021

<u>VIA ECF</u>
The Honorable Mary Kay Vyskocil, U.S.D.J.
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>Rosado v. The French Paradox Inc., *et al*., 1:20-cv-7788 (MKV)</u>

Dear Judge Vyskocil:

We represent the Plaintiff in this Fair Labor Standards Act and New York Labor Law matter. We submit this letter, on behalf of all parties, pursuant to Your Honor's April 13, 2021 direction that certain changes to be made to the settlement agreement.

By way of background, on April 9, 2021, the parties filed a motion for settlement approval under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) of the settlement agreement in this FLSA matter. On April 13, Your Honor's Chambers directed the parties to revise the agreement to remove all references to the Court retaining jurisdiction over the agreement: Paragraph 21 of the Agreement and Paragraph 3 of the Consent Judgment.

The parties have since revised the agreement in accordance with the Court's instructions. Enclosed is a redlined version of the initial agreement showing the changes. We are also enclosing a fully-executed copy of the revised settlement agreement for the Court's consideration, which should be evaluated for approval using the April 9 motion for settlement approval.

We appreciate the Court's consideration of this request.

                        Respectfully submitted,
                        LIPSKY LOWE LLP

                        <u>s/ Douglas B. Lipsky</u>
                        Douglas B. Lipsky

Enclosures
CC:    Counsel of Record (Via ECF)

# EXHIBIT A

<u>NON-CONFIDENTIAL SETTLEMENT AGREEMENT AND LIMITED RELEASE</u>

This ~~March 8~~April 21, 2021 NON-CONFIDENTIAL SETTLEMENT AGREEMENT AND LIMITED RELEASE (the "Agreement") is made and entered into between Plaintiff Diana M. Rosado (Plaintiff") and The French Paradox Inc., Armel Joly and Alexandre Mur (collectively "Defendants") (Plaintiff and Defendants are collectively the "Parties").

WHEREAS, on September 22, 2020, Plaintiff filed a lawsuit in the U.S. District Court for the Southern District of New York, Index No. 1:20-cv-7788, that asserts Defendants (i) failed to pay her minimum wage, violating the Fair Labor Standards Act and New York Labor Law, (ii) failed to pay her overtime, violating the FLSA and Labor Law, (iii) failed to pay her spread-of-hours pay, violating the Labor Law, (iv) unlawfully retained her gratuities, violating the Labor Law, (v) failed to provide her with the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1, and (vi) failed to provide her with the wage statements required under N.Y. Lab. Law § 195.3 (the "Action"); and

WHEREAS, Defendants deny the allegations and claims that Plaintiff asserts in the Action and specifically deny that their conduct was in any way illegal, wrongful or improper; and

WHEREAS, the Court has not certified a class action under Fed. R. Civ. P. 23 (a) and (b) nor collectively certified a collective action under 29 U.S.C. § 216(b) in this Action; and

WHEREAS, Douglas B. Lipsky of Lipsky Lowe LLP represents Plaintiff ("Plaintiff's Counsel") and David C. Van Leeuwen of Peyrot & Associates, P..C. represents the Defendants ("Defense Counsel"); and

WHEREAS, the Parties now wish to amicably resolve the Action.

NOW, THEREFORE, in considering the promises and covenants contained in this Agreement, the Parties hereby agree as follows:

1.    <u>Dismissal of the Action</u>. Plaintiff agrees to dismiss the Action with prejudice. Plaintiff agrees, in that regard, to take all actions necessary to accomplish the dismissal with prejudice of the Action, including filing a motion with the Court seeking its approval of the Agreement under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

2.    <u>Fully-Executed Agreement and Effective Date.</u>

a.    Within 5 calendar days of receiving from Plaintiff the executed Agreement, Defendants shall provide Plaintiff the fully-executed Agreement. When providing the executed Agreement, Plaintiff and Plaintiff's Counsel shall provide their IRS Form W-9.

b.    This Agreement shall become effective and enforceable once the Parties have executed it and the Court enters its order approving it (the "Effective Date").

3.      Limited Release of Claims. Plaintiff, for the consideration set forth in this Agreement, which she acknowledges is adequate and satisfactory to her, hereby commits as follows.

Plaintiff hereby IRREVOCABLY AND UNCONDITIONALLY RELEASES, WAIVES AND FOREVER DISCHARGES Defendants from any and all complaints, charges, causes of action, agreements, promises, liabilities, claims, demands, rights and entitlements of any kind whatsoever, in law or equity, whether known or unknown, asserted or un-asserted, fixed or contingent, apparent or concealed, which Plaintiff, her heirs, executors, administrators, successors or assigns ever had, now have or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever existing, arising or occurring at any time on or prior to the date they execute this Agreement in connection with Defendants, as their employee, failing to pay her the minimum wage under the FLSA and Labor Law, failing to pay her overtime FLSA and Labor Law, failing to pay her paid spread-of-hours pay under the Labor Law, unlawfully retaining her gratuities under the Labor Law, and failing to provide her the notices required under N.Y. Lab. Law §§ 195.1 and 195.3. The released claims, under this paragraph, include all types of relief available for the above referenced theories of relief, including any claims for unpaid wages, minimum wage, unpaid overtime, compensatory damages, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive or declaratory relief, chargebacks, liquidated damages or similar relief (the "Released Claims").

4.      Settlement Payment. In consideration for the limited release in Paragraph 3 and the other promises made in this Agreement, Defendants will pay Plaintiff and Plaintiff' Counsel the total, gross amount of $57,000.00 (the "Settlement Payment") as follows:

a.      $25,000.00 within 10 days of the Effective Date as follows: $8,231.36 shall be issued to the Plaintiff, subject to ordinary withholdings and deductions for the claimed unpaid wages and reported on an IRS Form W2; $8,231.36 shall be issued to Plaintiff for the claimed liquidated damages and reported on an IRS Form 1099; and $8,537.28 shall be issued to Plaintiff' Counsel for attorneys' fees and expenses.

b.      Within 30 days of making the first payment specified above in Paragraph 4.a. and for the next 8, 30-day periods (i.e., a total of 9 payments), Defendants shall pay $3,555.55 as follows: $1,170.68 shall be issued to the Plaintiff, subject to ordinary withholdings and deductions for the claimed unpaid wages and reported on an IRS Form W2; $1,170.68 shall be issued to Plaintiff for the claimed liquidated damages and reported on an IRS Form 1099; and $1,214.19 shall be issued to Plaintiff' Counsel for attorneys' fees and expenses.

c.      Defendants shall issue Plaintiff an IRS Form 1099 for Plaintiff's Counsels' Fees. Plaintiff and Plaintiff' Counsel shall be solely responsible for all tax obligations, including but not limited to all payment obligations, which may arise as a consequence of the payments described in Paragraphs 4.a. and 4.b., and shall indemnify Defendants and hold them harmless from and against any and all losses, costs, damages or expenses, including attorneys' fees, interest, assessments, withholding and penalties, arising out of any dispute over the tax

treatment of such payments. Defendants shall not deduct from the payments specified above in Paragraphs 4.a. and 4.b. their share of withholdings and deductions.

d.    The payments to Plaintiff shall be mailed to her home address, which shall be provided, and the payment to Plaintiff's Counsel shall be via wire with instructions to be provided.

5.    <u>Default and Consent Judgment.</u>

a.    Defendants will be in default under the Agreement ("Default") if (i) they fail to make in full any of the Settlement Payments in Paragraph 4 and (ii) Defendants have still failed to make any of the required Settlement Payments within 10 days of Plaintiff sending Defendants a Notice of Default (via email is sufficient). Defendants will be given only one cure period. If they make a second untimely payment, Defendants will be considered in Default, and Plaintiff may proceed with the Consent Judgment process described below in Paragraph 5.c.

b.    If Defendants are in Default, then Defendants agree to the jurisdiction of the Court entering the Consent Judgment, as set forth in Paragraph 5.c.

c.    Upon executing this Agreement, Defendants shall provide to Plaintiff an executed Consent Judgment in the amount of $72,000.00 in the form attached hereto as Exhibit A. Plaintiff's Counsel may enter the Consent Judgment, without further notice, against Defendants if they are in Default (as defined in Paragraph 5.a.). Plaintiff's Counsel shall hold the Consent Judgment in escrow and will destroy it if and when Defendants fulfill their obligations under Paragraph 4.

6.    <u>No Pending Claims or Charges</u>. Plaintiff represents and warrants that, besides the Action, she has no claim, charge or complaint against Defendants arising out of or relating to her employment with Defendants or her separation from Defendants before any federal, state or local court or agency. To the extent Plaintiff has filed a charge with any federal, state or local court or agency, besides the Action, she will do everything in her ability to withdraw that claim or charge with prejudice prior to signing this Agreement and provide proof of this when providing the executed Agreement.

7.    <u>No other Plaintiff</u>. Plaintiff's Counsel represents that they do not represent any individual who is contemplating filing a lawsuit or administrative charge against Defendants, nor does Counsel represent an individual who has signed a Consent to Sue form against Defendants that was never filed in Court.

8.    <u>Non-Disparagement.</u>   Plaintiff agrees that she shall not say or do anything, directly or indirectly, orally or in writing, that may criticize, disparage or reflect adversely on, or encourage any adverse action against Defendants. Plaintiff is, however, permitted to make truthful statements to third-parties, including governmental agencies, about her employment at Defendants and litigating the Action. This includes being permitted to cooperate with any governmental investigation and provide testimony in support of any investigation or case, and telling non-governmental entities about what claims she asserted, the underlying allegations,

what transpired during the Action and the result of the Action. Neither Plaintiff nor Plaintiff's counsel will contact the media or utilize any social media regarding this Agreement or its terms and, if contacted, they will respond, "no comment" or "the matter has been resolved."

9.    <u>Court Approval and Non-Confidentiality of the Agreement</u>.

a.    The Agreement's validity and enforceability is subject to the Court's approval. Accordingly, if for any reason the Court does not approve this Agreement, this Agreement shall be null and void and the Parties will return to the *status quo ante* prior to entering into this Agreement with respect to the Action, as if the Parties had never entered into this Agreement. In such event, the Agreement and all negotiations shall be without prejudice to the rights of any and all Parties to this Agreement, and any evidence relating to the Agreement and all negotiations shall not be admissible or discoverable in the Action or otherwise. If the Court refuses to approve the Agreement, the Parties agree to work in good faith to resolve any issues the Court raises with the Agreement.

b.    The Parties understand and acknowledge that this Agreement will be publicly filed on PACER and its terms are therefore not confidential.

10.    <u>No Admission.</u> Nothing contained in this Agreement, nor its consummation, nor any payments made under it, may be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants. Defendants specifically deny any liability and retain any and all defenses to the claims and any other claims arising under or related to any of the allegations in the Action if the Court does not approve the Agreement in its entirety.

11.    <u>Defendants' Financial Condition.</u>  In signing this Agreement, Defendants affirm under the penalty of perjury that neither the business nor them, as individuals, have the financial resources to satisfy a full judgment against them and this settlement amount reflects their financial conditions.

12.    <u>Drafting.</u> Each Party acknowledges that they have cooperated fully in drafting and preparing this Agreement, and hence no rule of construction may be used to construe this Agreement against any Party by virtue of that Party's role in drafting this Agreement.

13.    <u>Modification.</u> This Agreement may not be changed orally, and no modification, amendment or waiver of any provision contained in this Agreement, or any future representation, promise or condition in connection with the subject matter of this Agreement, shall be binding upon any Party unless made in writing and signed by all Parties.

14.    <u>Integrated Document.</u> This Agreement contains the entire agreement and complete settlement by and among the Parties and supersedes any and all previous agreements of any kind whatsoever between them, whether written or oral, regarding the claims being released in this Agreement. All prior and contemporaneous discussions and negotiations have been and are merged and integrated into, and are superseded by, this Agreement. This is an integrated document.

15. <u>Severability</u>. The provisions of this Agreement are severable, and if any part of it is found to be unlawful or unenforceable, the other provisions of this Agreement shall remain fully valid and enforceable to the maximum extent consistent with applicable law, except that if Paragraph 3 is invalidated, this Agreement shall be null and void.

16. <u>Governing Law and Prevailing Party</u>. This Agreement is made and entered into, and shall be subject to, governed by, and interpreted in accordance with the laws of State of New York and shall be fully enforceable in the state or federal courts of that state, without regard to conflicts of law principles. The Parties also consent to the service of process, pleadings, notices or other papers by any method of service approved by the state and/or federal courts in New York. The prevailing party in seeking to enforce the terms of this Agreement, including post-judgment discovery, shall be entitled to its reasonable attorneys' fees and expenses.

17. <u>Non-assignment.</u> Neither this Agreement nor any portion hereof is assignable. The Parties represent, warrant and covenant that they have not previously assigned or transferred, or purported to assign or transfer, to any individual or entity, any of the rights, claims, demands or causes of action being released herein, and agree that no such assignment or transfer may occur without a written consent executed by the Parties, and any attempt to do so shall be void.

18. <u>Notices</u>. Any notices or documents that are contemplated under this Agreement should be directed to the Parties' respective counsel:

| | |
|---|---|
| Douglas Lipsky | David C. Van Leeuwen |
| LIPSKY LOWE LLP | PEYROT & ASSOCIATES, P.C. |
| 420 Lexington Avenue, Suite 1830 | 62 William Street, 8th Floor |
| New York, New York 10170 | New York, New York 10005 |
| 212.392.4772 | 646.650.2785 |
| doug@lipskylowe.com | David.vanleeuwen@peyrotlaw.com |
| *Plaintiff's Counsel* | *Defendants' Counsel* |

19. <u>Authority and Capacity to Bind.</u> By signing this Agreement, each party represents that they are competent to do so, have the authority to be bound under this Agreement, and intend to be bound by its terms.

20. <u>Counterparts and Facsimile Signatures.</u> This Agreement may be executed in counterparts, and each counterpart, when combined, shall constitute one Agreement. Signatures made via DocuSign or a comparable program or those transmitted by email or fax may be used in lieu of the originals for any purpose and will be treated as an original, ink signature.

21. ~~Reservation of Jurisdiction. Notwithstanding the dismissal of this Action and, the Court shall retain jurisdiction for purposes of interpreting and enforcing the terms of this Agreement.~~

22.21. Voluntary and Knowing Agreement. Plaintiff acknowledges that she has voluntarily executed this Agreement. Plaintiff is advised to obtain the advice of any attorney or other representative of her choice, unrelated to Defendants, prior to executing this Agreement. Plaintiff acknowledges that she has had the opportunity to obtain legal advice prior to executing this Agreement, or that she knowingly and voluntarily has chosen not to do so. Further, Plaintiff acknowledge that they have a full understanding of this Agreement's terms.

IN WITNESS WHEREOF, THE PARTIES HAVE EXECUTED THIS AGREEMENT AS OF THE DATES INDICATED BELOW.

_____
Diana Rosado

Dated: _____, 2021

_____
Armel Joly (In his Individual Capacity)

Dated: _____, 2021

_____
Alexandre Mur (In his Individual Capacity)

Dated: _____, 2021

THE FRENCH PARADOX INC. D/B/A OCABANON

_____
By: _____

Dated: _____, 2021

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIANA M. ROSADO, Individually and on behalf of all other persons similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>THE FRENCH PARADOX INC., D/B/A OCABANON, ARMEL JOLY AND ALEXANDRE MUR, JOINTLY AND SEVERALLY,<br><br>　　　　　　Defendants. | No.: 1:20-cv-0778 |

## CONSENT JUDGMENT

WHEREAS, Plaintiff Diana M. Rosado ("Plaintiff") filed the September 22, 2020 Complaint against The French Paradox Inc., Armel Joly and Alexandre Mur ("Defendants") (the "Complaint"), that asserts Defendants (i) failed to pay her minimum wage, violating the Fair Labor Standards Act and New York Labor Law, (ii) failed to pay her overtime, violating the FLSA and Labor Law, (iii) failed to pay her spread-of-hours pay, violating the Labor Law, (iv) unlawfully retained her gratuities, violating the Labor Law, (v) failed to provide her with the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1, and (vi) failed to provide her with the wage statements required under N.Y. Lab. Law § 195.3;

WHEREAS, Plaintiff and Defendants (collectively "Parties") agreed to resolve their claims in a mediation with a Court-appointed mediator and entered into a Settlement Agreement on ~~March~~April __, 2021 (the "Agreement");

WHEREAS, the Parties agreed in the Agreement that Defendants shall make 9 payments to Plaintiff and Lipsky Lowe LLP ("Plaintiff Counsel"), totaling $57,000.00 (the "Settlement Payment");

WHEREAS, the Parties agreed to Defendants entering into this Consent Judgment to provide relief to Plaintiff for breaching the terms of the Agreement;

WHEREAS, Defendants have failed after written notice to comply with the terms of the Agreement and are in "Default" under the Agreement;

WHEREAS, Defendants have consented to entry of this Consent Judgment without trial or adjudication of any issue of fact or law and to waive any appeal if the Consent Judgment is entered as submitted by the Parties;

WHEREAS, Plaintiff's intent in effecting this settlement is to remediate harms resulted from Defendants' unlawful conduct, as alleged in the Complaint, and Defendants breaching the Agreement;

NOW THEREFORE, without trial or adjudication of issue of fact or law, and upon Defendants' consent, the Court finds that there is good and sufficient cause to enter this Consent Judgment, and that it is therefore ORDERED, ADJUDGED, AND DECREED:

1.    JURISDICTION. This Court has jurisdiction over this subject matter of this action under 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §§ 1332 and 1367. The Complaint states a claim upon which relief may be granted against Defendants.

2.    FINANCIAL TERMS.

a.    To date, Defendants have paid $_____ of the Settlement Payment. Defendants and their affiliated entities accordingly shall pay to Plaintiff and Plaintiff' Counsel the total sum of $_____, which is $72,000.00 less any and all payments Defendants already made to Plaintiff and her counsel under the Agreement. Defendants shall make payment no later than 7 calendar days after the Effective Date of this Consent Judgment.

b.    Defendants shall be jointly and severally liable to pay the payment set forth in Paragraph 2.a.

c.    Defendants shall pay Plaintiff's Counsel's reasonable attorneys' fees and expenses in connection with entering this Consent Judgment, enforcing it and collecting upon it.

3.    OTHER TERMS.

a.    ~~This Court retains jurisdiction for the duration of this Consent Judgment to enforce its terms.~~ The Parties may jointly seek to modify the terms of this Consent Judgment, subject to the approval of this Court. This Consent Judgment may be modified only by Court order.

b.    The Effective Date of this Consent Judgment shall be the date on which the Court enters the Consent Judgment.

c.    This Consent Judgment shall remain in full force and effect until Defendants complete their obligations under the Consent Judgment, at which time the Consent Judgment shall expire.

AGREED TO AS TO FORM AND CONTENT:

                               THE FRENCH PARADOX INC. D/B/A
                               OCABANON

Date: _____        By: _____
     ~~March~~April __, 2021


Date: _____
     ~~March~~April ____, 2021     By: _____
                                Armel Joly (Individually)
Date: _____
     ~~March~~April ____, 2021     By: _____
                                Alexandre Mur (Individually)


SO ORDERED:

Dated: New York, New York

       _____

                           _____
                           The Honorable Mary Kay Vyskocil, U.S.D.J

# EXHIBIT B

DocuSign Envelope ID: 9C5BF8F-26B3-48A4-91CF-038AC44BF356

## NON-CONFIDENTIAL SETTLEMENT AGREEMENT AND LIMITED RELEASE

This April 21, 2021 NON-CONFIDENTIAL SETTLEMENT AGREEMENT AND LIMITED RELEASE (the "Agreement") is made and entered into between Plaintiff Diana M. Rosado (Plaintiff") and The French Paradox Inc., Armel Joly and Alexandre Mur (collectively "Defendants") (Plaintiff and Defendants are collectively the "Parties").

WHEREAS, on September 22, 2020, Plaintiff filed a lawsuit in the U.S. District Court for the Southern District of New York, Index No. 1:20-cv-7788, that asserts Defendants (i) failed to pay her minimum wage, violating the Fair Labor Standards Act and New York Labor Law, (ii) failed to pay her overtime, violating the FLSA and Labor Law, (iii) failed to pay her spread-of-hours pay, violating the Labor Law, (iv) unlawfully retained her gratuities, violating the Labor Law, (v) failed to provide her with the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1, and (vi) failed to provide her with the wage statements required under N.Y. Lab. Law § 195.3 (the "Action"); and

WHEREAS, Defendants deny the allegations and claims that Plaintiff asserts in the Action and specifically deny that their conduct was in any way illegal, wrongful or improper; and

WHEREAS, the Court has not certified a class action under Fed. R. Civ. P. 23 (a) and (b) nor collectively certified a collective action under 29 U.S.C. § 216(b) in this Action; and

WHEREAS, Douglas B. Lipsky of Lipsky Lowe LLP represents Plaintiff ("Plaintiff's Counsel") and David C. Van Leeuwen of Peyrot & Associates, P..C. represents the Defendants ("Defense Counsel"); and

WHEREAS, the Parties now wish to amicably resolve the Action.

NOW, THEREFORE, in considering the promises and covenants contained in this Agreement, the Parties hereby agree as follows:

1.   Dismissal of the Action. Plaintiff agrees to dismiss the Action with prejudice. Plaintiff agrees, in that regard, to take all actions necessary to accomplish the dismissal with prejudice of the Action, including filing a motion with the Court seeking its approval of the Agreement under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

2.   Fully-Executed Agreement and Effective Date.

a.   Within 5 calendar days of receiving from Plaintiff the executed Agreement, Defendants shall provide Plaintiff the fully-executed Agreement. When providing the executed Agreement, Plaintiff and Plaintiff's Counsel shall provide their IRS Form W-9.

b.   This Agreement shall become effective and enforceable once the Parties have executed it and the Court enters its order approving it (the "Effective Date").

3.  <u>Limited Release of Claims.</u> Plaintiff, for the consideration set forth in this Agreement, which she acknowledges is adequate and satisfactory to her, hereby commits as follows.

Plaintiff hereby IRREVOCABLY AND UNCONDITIONALLY RELEASES, WAIVES AND FOREVER DISCHARGES Defendants from any and all complaints, charges, causes of action, agreements, promises, liabilities, claims, demands, rights and entitlements of any kind whatsoever, in law or equity, whether known or unknown, asserted or un-asserted, fixed or contingent, apparent or concealed, which Plaintiff, her heirs, executors, administrators, successors or assigns ever had, now have or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever existing, arising or occurring at any time on or prior to the date they execute this Agreement in connection with Defendants, as their employee, failing to pay her the minimum wage under the FLSA and Labor Law, failing to pay her overtime FLSA and Labor Law, failing to pay her paid spread-of-hours pay under the Labor Law, unlawfully retaining her gratuities under the Labor Law, and failing to provide her the notices required under N.Y. Lab. Law §§ 195.1 and 195.3. The released claims, under this paragraph, include all types of relief available for the above referenced theories of relief, including any claims for unpaid wages, minimum wage, unpaid overtime, compensatory damages, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive or declaratory relief, chargebacks, liquidated damages or similar relief (the "Released Claims").

4.  <u>Settlement Payment.</u> In consideration for the limited release in Paragraph 3 and the other promises made in this Agreement, Defendants will pay Plaintiff and Plaintiff' Counsel the total, gross amount of $57,000.00 (the "Settlement Payment") as follows:

a.  $25,000.00 within 10 days of the Effective Date as follows: $8,231.36 shall be issued to the Plaintiff, subject to ordinary withholdings and deductions for the claimed unpaid wages and reported on an IRS Form W2; $8,231.36 shall be issued to Plaintiff for the claimed liquidated damages and reported on an IRS Form 1099; and $8,537.28 shall be issued to Plaintiff' Counsel for attorneys' fees and expenses.

b.  Within 30 days of making the first payment specified above in Paragraph 4.a. and for the next 8, 30-day periods (i.e., a total of 9 payments), Defendants shall pay $3,555.55 as follows: $1,170.68 shall be issued to the Plaintiff, subject to ordinary withholdings and deductions for the claimed unpaid wages and reported on an IRS Form W2; $1,170.68 shall be issued to Plaintiff for the claimed liquidated damages and reported on an IRS Form 1099; and $1,214.19 shall be issued to Plaintiff' Counsel for attorneys' fees and expenses.

c.  Defendants shall issue Plaintiff an IRS Form 1099 for Plaintiff's Counsels' Fees. Plaintiff and Plaintiff' Counsel shall be solely responsible for all tax obligations, including but not limited to all payment obligations, which may arise as a consequence of the payments described in Paragraphs 4.a. and 4.b., and shall indemnify Defendants and hold them harmless from and against any and all losses, costs, damages or expenses, including attorneys' fees, interest, assessments, withholding and penalties, arising out of any dispute over the tax

-2-

DocuSign Envelope ID: FC5BFFB7-26B3-49A4-9105-B58AC4464E8D

treatment of such payments. Defendants shall not deduct from the payments specified above in Paragraphs 4.a. and 4.b. their share of withholdings and deductions.

      d.    The payments to Plaintiff shall be mailed to her home address, which shall be provided, and the payment to Plaintiff's Counsel shall be via wire with instructions to be provided.

    5.    <u>Default and Consent Judgment.</u>

      a.    Defendants will be in default under the Agreement ("Default") if (i) they fail to make in full any of the Settlement Payments in Paragraph 4 and (ii) Defendants have still failed to make any of the required Settlement Payments within 10 days of Plaintiff sending Defendants a Notice of Default (via email is sufficient). Defendants will be given only one cure period. If they make a second untimely payment, Defendants will be considered in Default, and Plaintiff may proceed with the Consent Judgment process described below in Paragraph 5.c.

      b.    If Defendants are in Default, then Defendants agree to the jurisdiction of the Court entering the Consent Judgment, as set forth in Paragraph 5.c.

      c.    Upon executing this Agreement, Defendants shall provide to Plaintiff an executed Consent Judgment in the amount of $72,000.00 in the form attached hereto as Exhibit A. Plaintiff's Counsel may enter the Consent Judgment, without further notice, against Defendants if they are in Default (as defined in Paragraph 5.a.). Plaintiff's Counsel shall hold the Consent Judgment in escrow and will destroy it if and when Defendants fulfill their obligations under Paragraph 4.

    6.    <u>No Pending Claims or Charges</u>. Plaintiff represents and warrants that, besides the Action, she has no claim, charge or complaint against Defendants arising out of or relating to her employment with Defendants or her separation from Defendants before any federal, state or local court or agency. To the extent Plaintiff has filed a charge with any federal, state or local court or agency, besides the Action, she will do everything in her ability to withdraw that claim or charge with prejudice prior to signing this Agreement and provide proof of this when providing the executed Agreement.

    7.    <u>No other Plaintiff</u>. Plaintiff's Counsel represents that they do not represent any individual who is contemplating filing a lawsuit or administrative charge against Defendants, nor does Counsel represent an individual who has signed a Consent to Sue form against Defendants that was never filed in Court.

    8.    <u>Non-Disparagement.</u> Plaintiff agrees that she shall not say or do anything, directly or indirectly, orally or in writing, that may criticize, disparage or reflect adversely on, or encourage any adverse action against Defendants. Plaintiff is, however, permitted to make truthful statements to third-parties, including governmental agencies, about her employment at Defendants and litigating the Action. This includes being permitted to cooperate with any governmental investigation and provide testimony in support of any investigation or case, and telling non-governmental entities about what claims she asserted, the underlying allegations,

-3-



DocuSign Envelope ID: BC98FF8F-76B3-4944-97CF-038AC445FE85

what transpired during the Action and the result of the Action. Neither Plaintiff nor Plaintiff's counsel will contact the media or utilize any social media regarding this Agreement or its terms and, if contacted, they will respond, "no comment" or "the matter has been resolved."

9.    Court Approval and Non-Confidentiality of the Agreement.

a.    The Agreement's validity and enforceability is subject to the Court's approval. Accordingly, if for any reason the Court does not approve this Agreement, this Agreement shall be null and void and the Parties will return to the *status quo ante* prior to entering into this Agreement with respect to the Action, as if the Parties had never entered into this Agreement. In such event, the Agreement and all negotiations shall be without prejudice to the rights of any and all Parties to this Agreement, and any evidence relating to the Agreement and all negotiations shall not be admissible or discoverable in the Action or otherwise. If the Court refuses to approve the Agreement, the Parties agree to work in good faith to resolve any issues the Court raises with the Agreement.

b.    The Parties understand and acknowledge that this Agreement will be publicly filed on PACER and its terms are therefore not confidential.

10.    No Admission. Nothing contained in this Agreement, nor its consummation, nor any payments made under it, may be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants. Defendants specifically deny any liability and retain any and all defenses to the claims and any other claims arising under or related to any of the allegations in the Action if the Court does not approve the Agreement in its entirety.

11.    Defendants' Financial Condition.  In signing this Agreement, Defendants affirm under the penalty of perjury that neither the business nor them, as individuals, have the financial resources to satisfy a full judgment against them and this settlement amount reflects their financial conditions.

12.    Drafting. Each Party acknowledges that they have cooperated fully in drafting and preparing this Agreement, and hence no rule of construction may be used to construe this Agreement against any Party by virtue of that Party's role in drafting this Agreement.

13.    Modification. This Agreement may not be changed orally, and no modification, amendment or waiver of any provision contained in this Agreement, or any future representation, promise or condition in connection with the subject matter of this Agreement, shall be binding upon any Party unless made in writing and signed by all Parties.

14.    Integrated Document. This Agreement contains the entire agreement and complete settlement by and among the Parties and supersedes any and all previous agreements of any kind whatsoever between them, whether written or oral, regarding the claims being released in this Agreement. All prior and contemporaneous discussions and negotiations have been and are merged and integrated into, and are superseded by, this Agreement. This is an integrated document.

-4-



15. _Severability_. The provisions of this Agreement are severable, and if any part of it is found to be unlawful or unenforceable, the other provisions of this Agreement shall remain fully valid and enforceable to the maximum extent consistent with applicable law, except that if Paragraph 3 is invalidated, this Agreement shall be null and void.

16. _Governing Law and Prevailing Party_. This Agreement is made and entered into, and shall be subject to, governed by, and interpreted in accordance with the laws of State of New York and shall be fully enforceable in the state or federal courts of that state, without regard to conflicts of law principles. The Parties also consent to the service of process, pleadings, notices or other papers by any method of service approved by the state and/or federal courts in New York. The prevailing party in seeking to enforce the terms of this Agreement, including post-judgment discovery, shall be entitled to its reasonable attorneys' fees and expenses.

17. _Non-assignment._ Neither this Agreement nor any portion hereof is assignable. The Parties represent, warrant and covenant that they have not previously assigned or transferred, or purported to assign or transfer, to any individual or entity, any of the rights, claims, demands or causes of action being released herein, and agree that no such assignment or transfer may occur without a written consent executed by the Parties, and any attempt to do so shall be void.

18. _Notices_. Any notices or documents that are contemplated under this Agreement should be directed to the Parties' respective counsel:

Douglas Lipsky
LIPSKY LOWE LLP
420 Lexington Avenue, Suite 1830
New York, New York 10170
212.392.4772
doug@lipskylowe.com
_Plaintiff's Counsel_

David C. Van Leeuwen
PEYROT & ASSOCIATES, P.C.
62 William Street, 8th Floor
New York, New York 10005
646.650.2785
David.vanleeuwen@peyrotlaw.com
_Defendants' Counsel_

19. _Authority and Capacity to Bind._ By signing this Agreement, each party represents that they are competent to do so, have the authority to be bound under this Agreement, and intend to be bound by its terms.

20. _Counterparts and Facsimile Signatures._ This Agreement may be executed in counterparts, and each counterpart, when combined, shall constitute one Agreement. Signatures made via DocuSign or a comparable program or those transmitted by email or fax may be used in lieu of the originals for any purpose and will be treated as an original, ink signature.

-5-



DocuSign Envelope ID: AC56FF8F-26B3-48A4-B1CF-838AC449FE53

21.  <u>Voluntary and Knowing Agreement.</u> Plaintiff acknowledges that she has voluntarily executed this Agreement. Plaintiff is advised to obtain the advice of any attorney or other representative of her choice, unrelated to Defendants, prior to executing this Agreement. Plaintiff acknowledges that she has had the opportunity to obtain legal advice prior to executing this Agreement, or that she knowingly and voluntarily has chosen not to do so. Further, Plaintiff acknowledge that they have a full understanding of this Agreement's terms.

IN WITNESS WHEREOF, THE PARTIES HAVE EXECUTED THIS AGREEMENT AS OF THE DATES INDICATED BELOW.

Diana Rosado

Dated: 4/21/2021, 2021

_____
Armel Joly (In his Individual Capacity)

Dated: 4/23/, 2021

_____
Alexandre Mur (In his Individual Capacity)

Dated: 4/23, 2021

THE FRENCH PARADOX INC. D/B/A OCABANON

By: ARMEL JOLY

Dated: 4/23/, 2021

-6-

DocuSign Envelope ID: DC59D1BF-26E9-454A-B4D1-068AC44C794C

# EXHIBIT A

Docusign Envelope ID: BC9BFF8F-26R5-49A4-8YCF-6D8AC445FC6C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DIANA M. ROSADO, Individually and on
behalf of all other persons similarly situated,

                Plaintiff,

     v.

THE FRENCH PARADOX INC., D/B/A
OCABANON, ARMEL JOLY AND
ALEXANDRE MUR, JOINTLY AND
SEVERALLY,

                Defendants.

No.: 1:20-cv-0778

## CONSENT JUDGMENT

WHEREAS, Plaintiff Diana M. Rosado ("Plaintiff") filed the September 22, 2020 Complaint against The French Paradox Inc., Armel Joly and Alexandre Mur ("Defendants") (the "Complaint"), that asserts Defendants (i) failed to pay her minimum wage, violating the Fair Labor Standards Act and New York Labor Law, (ii) failed to pay her overtime, violating the FLSA and Labor Law, (iii) failed to pay her spread-of-hours pay, violating the Labor Law, (iv) unlawfully retained her gratuities, violating the Labor Law, (v) failed to provide her with the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1, and (vi) failed to provide her with the wage statements required under N.Y. Lab. Law § 195.3;

WHEREAS, Plaintiff and Defendants (collectively "Parties") agreed to resolve their claims in a mediation with a Court-appointed mediator and entered into a Settlement Agreement on April 21, 2021 (the "Agreement");

WHEREAS, the Parties agreed in the Agreement that Defendants shall make 9 payments to Plaintiff and Lipsky Lowe LLP ("Plaintiff' Counsel"), totaling $57,000.00 (the "Settlement Payment");

WHEREAS, the Parties agreed to Defendants entering into this Consent Judgment to provide relief to Plaintiff for breaching the terms of the Agreement;

WHEREAS, Defendants have failed after written notice to comply with the terms of the Agreement and are in "Default" under the Agreement;

WHEREAS, Defendants have consented to entry of this Consent Judgment without trial or adjudication of any issue of fact or law and to waive any appeal if the Consent Judgment is entered as submitted by the Parties;

DocuSign Envelope ID: DC56FFB7-2BB3-49A4-91CF-058AC445FE5C

WHEREAS, Plaintiff's intent in effecting this settlement is to remediate harms resulted from Defendants' unlawful conduct, as alleged in the Complaint, and Defendants breaching the Agreement;

NOW THEREFORE, without trial or adjudication of issue of fact or law, and upon Defendants' consent, the Court finds that there is good and sufficient cause to enter this Consent Judgment, and that it is therefore ORDERED, ADJUDGED, AND DECREED:

1.      JURISDICTION. This Court has jurisdiction over this subject matter of this action under 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §§ 1332 and 1367. The Complaint states a claim upon which relief may be granted against Defendants.

2.      FINANCIAL TERMS.

a.      To date, Defendants have paid $_____ of the Settlement Payment. Defendants and their affiliated entities accordingly shall pay to Plaintiff and Plaintiff Counsel the total sum of $_____, which is $72,000.00 less any and all payments Defendants already made to Plaintiff and her counsel under the Agreement. Defendants shall make payment no later than 7 calendar days after the Effective Date of this Consent Judgment.

b.      Defendants shall be jointly and severally liable to pay the payment set forth in Paragraph 2.a.

c.      Defendants shall pay Plaintiff's Counsel's reasonable attorneys' fees and expenses in connection with entering this Consent Judgment, enforcing it and collecting upon it.

3.      OTHER TERMS.

a.      The Parties may jointly seek to modify the terms of this Consent Judgment, subject to the approval of this Court. This Consent Judgment may be modified only by Court order.

b.      The Effective Date of this Consent Judgment shall be the date on which the Court enters the Consent Judgment.

c.      This Consent Judgment shall remain in full force and effect until Defendants complete their obligations under the Consent Judgment, at which time the Consent Judgment shall expire.

-2-



DocuSign Envelope ID: BC96FF8F-26A3-49A4-B1CF-638AC445FC96

AGREED TO AS TO FORM AND CONTENT:

THE FRENCH PARADOX INC. D/B/A
OCABANON

Date: _____          By: _____
      April 23, 2021

Date: _____          By: _____
      April 23, 2021              Armel Joly (Individually)

Date: _____          By: _____
      April 23, 2021              Alexandre Mur (Individually)

SO ORDERED:

Dated: New York, New York

_____

_____, U.S.D.J

-3-